IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Aaron James Brennan, )  | | |
|    Petitioner, ) | | |
| ) | | |
| v. ) | 1:13cv486 (LO/TRJ) | |
| ) | | |
| J. Woodson, ) | | |
|    Respondent. ) | | |

MEMORANDUM OPINION AND ORDER

Aaron James Brennan, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of numerous offenses in the Circuit Court for the City of Suffolk. On September 24, 2013, respondent filed a Motion to Dismiss the petition, accompanied by a supporting memorandum of law and exhibits. Brennan was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed no reply. Accordingly, the matter is now ripe for disposition. After careful review, the petition must be dismissed with prejudice as barred by the statute of limitations.

I. Background

Brennan is currently confined pursuant to a total of 25 judgments of conviction entered in Suffolk County. On November 16, 2009, Brennan pleaded guilty to charges of grand larceny, conspiring to commit attempted burning or destroying of an unoccupied dwelling house, burglary, conspiracy to commit grand larceny, and destruction of property. Case Nos. CR09000802 - 03, -05, -06, -08; Resp. Ex. A. Later that same day, following a bench trial, Brennan was found guilty of conspiracy to commit statutory burglary, larceny with intent to sell

or distribute, arson of an unoccupied building, attempted burning of an unoccupied building, and conspiracy to commit arson of an unoccupied building. Case Nos. CR09000690, -689, -688, -807, -804; Resp. Ex. B. On March 18, 2010, Brennan pleaded guilty to credit card theft. Case No. CR09000516; Resp. Ex. C. Following a jury trial conducted on March 18 - 19, 2010, Brennan was found guilty of grand larceny, conspiracy to commit robbery, robbery, burglary with intent, use of a firearm in the commission of a robbery, use of a firearm in the commission of aggravated malicious wounding, conspiracy to commit statutory burglary, destruction of property, unauthorized use of a vehicle, abduction with the intent to obtain pecuniary benefit, aggravated malicious wounding, wearing a mask in public, conspiracy to commit abduction, and conspiracy to commit credit card theft. Case Nos. CR09000514, -513, -511, -510, -517,- -582, -575, -578, - 580, -574, -581, -518, -576, -577; Resp. Ex. D. Judgment was entered on all convictions on June 28, 2010, and Brennan was sentenced to an aggregate of 242 years in prison, with 27 years suspended.

Brennan appealed his jury trial convictions, arguing that the court abused its discretion at sentencing and that a motion to strike identification evidence was wrongfully denied. The petition for appeal was denied on January 11, 2011. Brennan v. Commonwealth, R. No. 1585-10-1 (Va. Ct. App. Jan. 11, 2011); Resp. Ex. E. The Supreme Court of Virginia refused Brennan's petition for further review on July 28, 2011. Brennan v. Commonwealth, R. No. 110227 (Va. July 28, 2011); Resp. Ex. F.

On July 23, 2012, Brennan filed a petition for a state writ of habeas corpus in the trial court, challenging the three convictions entered following the bench trial on November 16,

2009.[1] Resp. Ex. G. The petition was denied and dismissed by Order entered October 30, 2012, Resp. Ex. H. Brennan appealed the dismissal to the Supreme Court of Virginia, but his petition for appeal was dismissed on March 7, 2013, on the grounds that (1) the assignments of error were insufficient as they did not address the circuit court's rulings from which an appeal was sought, in derogation of Rule 5:17(c)(1)(iii); and (2) the assignments of error were not set forth "clearly and concisely and without extraneous argument," in violation of Rule 5:17(c)(1). Brennan v. Dir., Dep't of Corrections, R. No. 122117 (Va. Mar. 7, 2013); Resp. Ex. J. This federal petition for relief pursuant to § 2254 was filed on April 4, 2013. Pet. at 12; see n. 1, supra.

## II. Applicable Law

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

## III. Analysis

In the instant case, Brennan's convictions became final at the latest on October 26, 2011, ninety days after the Supreme Court of Virginia refused his petition for direct appeal.[2]

---

[1] A pleading submitted by an incarcerated litigant acting pro se is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, Brennan's state petition was signed and notarized on July 23, 2012, Resp. Ex. G at 7, and in the absence of evidence to the contrary it is assumed that the petition was placed in the prison mail system that same day.

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).
In respondent's memorandum and again here, no distinctions are made as to which of

In calculating the § 2244 limitations period, the Court must exclude the time during which properly-file state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, after petitioner's convictions became final on October 26, 2011, two hundred sixty-nine (269) days passed until he filed his state habeas corpus application in the trial court on July 23, 2012. That petition was denied and dismissed on October 30, 2012, and although Brennan lodged an appeal of that order with the Supreme Court of Virginia, he did not do so "properly," as the Court subsequently dismissed the appeal for Brennan's failure to comply with its Rules 5:17(c)(1)(iii) and 5:17(c)(1). Brennan v. Dir., supra; Resp. Ex. J. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is "properly filed" as required to toll time period under AEDPA only when its delivery and acceptance are in compliance with the court's applicable laws and rules governing filings, including those prescribing the form of the document); Christian v. Baskerville, 232 F.Supp.2d 605, 607 (E.D. Va. 2001) (Cacheris, J.) (holding that an appeal from the denial of a state habeas corpus application was not properly filed and did not toll the limitations period when it failed to set forth assignments of error and thus did not comply with Rule 5:17(c)), appeal dismissed, 47 Fed. App'x 200 (4th Cir. 2001). Here, then, the limitations period ran unchecked from October 30, 2012, the date the trial court denied the state habeas

---

petitioner's myriad convictions were at issue in his various state proceedings. This does not prejudice petitioner, because all convictions which were not challenged on direct appeal became final thirty days after they were entered, when the appeal period expired. See Va. Sup. Ct. R. 5A:6(a). Thus, since the convictions at issue on direct appeal and in the state habeas corpus action are time-barred, those that were not raised in those proceedings clearly are untimely as well.

corpus petition, until this federal petition was filed on April 4, 2013, a period of one hundred fifty-five (155) days. When these days are combined they establish that the instant petition was filed fifty-nine (59) days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner establishes that the statute of limitations does not apply or should otherwise be tolled. In this case, however, after respondent argued in his Brief in Support of Motion to Dismiss that the petition is subject to dismissal as time-barred, petitioner filed no reply, so no such showing was made. In addition, petitioner does not argue, much less demonstrate, that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offenses for which he was convicted. See Schulp v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration, and must be dismissed. Respondent's alternate arguments regarding the exhaustion and procedural default of certain of petitioner's claims consequently need not be addressed.

Accordingly, it is hereby

ORDERED that respondent's Motion to Dismiss (Docket # 10) be and is GRANTED, and the petition be and is DISMISSED, WITH PREJUDICE, as time-barred.

.

This is a final order for purposes of appeal. To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal

until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to counsel of record for respondent, and to close this civil case.

Entered this 11th day of April, 2014.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge